UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| UNITED STATES OF AMERICA | CRIMINAL ACTION |
|---|---|
| v. | NO. 12-1 |
| TELLY HANKTON | SECTION "F" |

ORDER AND REASONS

Before the Court is the Government's motion to quash defendant Telly Hankton's subpoenas duces tecum issued pursuant to request in record document numbers 496, 496-1, and 498. For the reasons that follow, the Court GRANTS the Government's motion.

Background

On February 5, 2014, the Court granted defendant Telly Hankton's requests for oral argument on his motions for sanctions and to dismiss the indictment, and set a hearing date for March 27, 2014. The Court's order specifically provides that presentation of argument and evidence will be allowed at the hearing. In response to the Court's order, Hankton requested the issuance of twelve subpoenas: six for production of documents on February 25, 2014, and six for testimony on the March 27th hearing date. The Government now moves to quash the six subpoenas for production of documents on February 25th.

Law and Application

Rule 17(c)(1) of the Federal Rules of Criminal Procedure allows "books, papers, documents, data, or other objects" to be

1

subpoenaed in criminal proceedings. Rule 17(c)(2), however, provides: "On motion made promptly, the court may quash or modify the subpoena if compliance would be unreasonable or oppressive." Recognizing that the purpose of Rule 17(c) is not to provide an additional means of discovery, but, rather, to expedite the trial or hearing by allowing prior inspection of subpoenaed material, the Supreme Court has created a four-part test to justify pretrial or prehearing production of documents:

> [I]n order to require production prior to trial, the moving party must show: (1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general "fishing expedition."

United States v. Nixon, 418 U.S. 683, 700 (1974); see also United States v. Arditti, 955 F.2d 331, 345 (5th Cir. 1992)(finding that a subpoena can be authorized only if the defendant can show that the evidence sought is relevant, admissible, and has been requested with sufficient specificity). The burden is on the party requesting the documents to show good cause for production before the trial or hearing. United States v. Iozia, 13 F.R.D. 335, 338 (S.D.N.Y. 1952).

The Government contends that Hankton has not met this burden, and this Court agrees. Hankton fails to support his assertion that

the requested documents are relevant, admissible, and identified with sufficient specificity.  The Court is not persuaded by Hankton's conclusory contention that the various materials requested are relevant and will be admissible at the March 27th hearing;  Hankton's requests are so vague and overbroad that the Court can only speculate as to the nature of the materials and their relevance.  For that reason, the Court also disagrees with Hankton's contention that he has identified the requested documents with adequate specificity.

Hankton does not claim that he cannot otherwise reasonably procure the requested documents, or that they are necessary for him to adequately prepare for the March 27th hearing.  Instead, he attempts to use the subpoenas as a discovery device, which they are not.  Arditti, 955 F.2d at 346.  In the most sweeping of terms, he requests copies of any "writings, photographs, drawings, or recordings whatsoever" made by any employee or agent of the FBI, the U.S. Attorney's Office, the Department of Justice, the Times Picayune, or any other member of the media, "touching in any way on...[a]ny and all [] meetings, conversations, & other communications whatsoever" between any government agent and any member of the media "under any circumstances, at any place, and on any [] date and time."  Hankton has clearly embarked on a

3

remarkable fishing expedition.[1]

Moreover, Hankton improperly requests that the subpoenaed documents be produced ex parte. Rule 17(c)(1) specifically provides:

> The court may direct the witness to produce the designated items in court before trial or before they are to be offered into evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.

See also United States v. Hart, 826 F. Supp. 380, 381 (D. Colo. 1993)("There can be no right to an ex parte procurement of subpoenaed documents pretrial if the court has discretion to supervise their production by permitting both parties to inspect them prior to trial."). Ignoring Rule 17's explicit mandate, Hankton asks that documents be produced to his counsel's law offices rather than the Court. Moreover, Hankton seeks production over one month before the scheduled hearing date. His requests are plainly improper. This Court will fervently safeguard defendants' rights to a fair and impartial trial and to defendants' constitutional rights. But the Court will not countenance burlesque or false theatre.

---

[1] The Court notes that although only three of the subpoenas were issued to FBI agents and the other three to members of the media, Hankton raises no challenge to the Government's standing to move to quash all six. Regardless, the Court is obligated under Rule 17 to assess each subpoena for compliance with the Nixon factors. See Bowman Dairy Co. v. United States, 341 U.S. 214, 221 (1951)("The burden is on the court to see that the subpoena is good in its entirety and it is not upon the [subpoenaed party] to cull the good from the bad.").

Accordingly, the Court GRANTS the Government's motion to quash.

New Orleans, Louisiana, February 21, 2014

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE