UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED SATES OF AMERICA                             CRIMINAL ACTION

VERSUS                                              NUMBER: 12-001

TELLY HANKTON                                       SECTION "F"(5)

## ORDER AND REASONS

Before the Court is Defendant's, Telly Hankton's, Supplemental Motion for Limited Preauthorization Discovery.  Magistrate Judge Chasez previously ruled upon that motion, denying it in most respects but ordering the government to produce certain requested materials for *in camera* inspection.  That inspection is complete and, for the reasons set forth below, Hankton's request for production of that material is **DENIED.**

### Background

On October 18, 2012, the Federal Grand Jury returned a twenty-two count Second Superseding Indictment against Telly Hankton and twelve other individuals.  [Rec. Doc. 73] Five of the defendants, including Hankton, are eligible to face the death penalty if convicted. Specifically, Hankton is charged with RICO conspiracy, conspiracy to distribute controlled substances, conspiracy to possess firearms, assault with a dangerous weapon in aid of racketeering, murder in aid of racketeering, causing death through use of a firearm, and money laundering.

On June 19, 2013, Hankton filed his first motion for limited preauthorization discovery, requesting disclosure of various materials for use in the capital punishment

preauthorization process.  After holding a hearing on the motion and reviewing certain materials *in camera*, Magistrate Judge Chasez granted the motion in part and denied it in part.  On September 13, 2013, Hankton presented his original mitigation submission to the U.S. Attorney's Office. Shortly thereafter, on October 3, 2013, Hankton filed a supplemental motion for limited preauthorization discovery, seeking additional materials related to allegations of prosecutorial misconduct.  [Rec. Doc. 286].  On November 21, 2013, Magistrate Judge Chasez held a hearing on that motion, denying most of Hankton's requests for relief, with the single exception being his request for *in camera* review of grand jury transcripts reflecting the presence of Assistant U.S. Attorney Maurice Landrieu, former U.S. Attorney Jim Letten, and former First Assistant U.S. Attorney Jan Mann.  Magistrate Judge Chasez ordered the Government to provide her with grand jury transcripts *ex parte* for an *in camera* review.  [Rec. Docs. 439, 446].  Specifically, the Court ordered:

> the government is to provide the Court, for purposes of an *in camera* inspection, with any grand jury testimony that was elicited in this case by Maurice Landrieu, Jan Mann, or Jim Letten pertaining to the defendant or any comments that were made by Landrieu before the grand jury pertaining to the defendant that were of an inflammatory nature.  [Rec. Doc. 446].

The United States unsuccessfully appealed Magistrate Judge Chasez's Order to District Judge Martin L.C. Feldman.  [Rec. Doc. 539].

Pursuant to Judge Chasez's Order, on March 10, 2014, the United States submitted to the undersigned Magistrate Judge[1] voluminous grand jury transcripts for *in camera* review.

---

[1] Magistrate Judge Chasez retired from the bench before the transcripts were produced by the government.

2

This Court has completed the *in camera* review of all of the testimony presented by the government and finds that none of the testimony or colloquy submitted should be produced to Hankton in response to his Motion.

## Law and Application

Rule 16 of the Federal Rules of Criminal Procedure governs discovery in a criminal case.  Generally, under Rule 16(a)(1)(E)(1), the government must disclose items "material to preparing the defense."  The government is <u>not</u> required to disclose grand jury materials, "except as provided in Rules 6, 12(h),16(a)(1), and 26.2."  Fed. R. Crim. P. 16(a)(3).  Under Rule 6, the Court may authorize disclosure of grand jury materials:

> (i) preliminarily to or in connection with a judicial proceeding;
> [or]
> (ii) at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury[.]

Fed. R. Crim. P. 6(e)(3)(E).  A defendant seeking discovery of grand jury materials must show a "particularized need" for the requested materials.  *See, e.g., United States v. Proctor & Gamble*, 356 U.S. 677, 682 (1958); *United States v. Miramontez*, 995 F.2d 56, 59 (5th Cir. 1993).  To meet this burden, the defendant must show that

> (1) the material he seeks is needed to avoid a possible injustice in another judicial proceeding, (2) the need for disclosure is greater than the need for continued secrecy, and (3) his request is structured to cover only the material so needed.

*Miramontez*, 995 F.2d at 59.

In this matter, the Court finds, after *in camera* review of the requested material, that the defendant has not demonstrated a "particularized need" for the material requested, primarily because there is nothing in the submitted material that "is needed to avoid a possible injustice" in this or any other judicial proceeding. Simply, there is nothing contained in the submitted Grand Jury transcripts that suggests prosecutorial misconduct on the part of any of the participating government attorneys.

The government submitted and this Court reviewed over 1,700 pages of testimony and colloquy from the examination and testimony of some 41 witnesses taken over 12 days of Grand Jury proceedings. The United States submitted for review by this Court all testimony and colloquy for which the transcripts indicated that AUSA Landrieu might have been present,[2] while making it clear in its submission that it did not believe that AUSA Landrieu had made any "inflammatory comments" in those proceedings.

This Court agrees. In fact, as to many of the witnesses whose testimony was provided by the government for *in camera* review, Mr. Landrieu did not appear on the record to participate in their examinations in any way. Where he did participate, the record reveals no instances of "inflammatory comments" or any other conduct or comment suggesting prosecutorial misconduct.

---

[2] Neither Letten nor Mann were present for any of the proceedings.

4

Accordingly, Defendant's Supplemental Motion for Limited Pre-Authorization Discovery [Rec. doc. 392] seeking production of the grand jury transcripts in this matter is **DENIED**.

New Orleans, Louisiana, this  2nd  day of             April            , 2014.

_____<br>
MICHAEL B. NORTH<br>
UNITED STATES MAGISTRATE JUDGE