UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                    CRIMINAL ACTION

v.                                          NO. 12-1

TELLY HANKTON                               SECTION "F"

ORDER AND REASONS

Before the Court is Telly Hankton's motion to be allowed to issue subpoenas ex parte and under seal. For the reasons that follow, the motion is DENIED.

I.

Telly Hankton moves for permission to issue thirteen subpoenas for documents ex parte and under seal. He contends that the documents are necessary for mitigation purposes, and the subpoenas must issue ex parte and under seal in order to preserve the confidentiality of defense strategy.

II.

Rule 17(c)(1) of the Federal Rules of Criminal Procedure provides:

> A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.

Recognizing that the purpose of Rule 17(c) is not to provide an additional means of discovery, but, rather, to expedite formal

1

proceedings by allowing prior inspection of subpoenaed material, the Supreme Court has created a four-part test to justify pretrial or prehearing production of documents:

> [I]n order to require production prior to trial, the moving party must show: (1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general "fishing expedition."

United States v. Nixon, 418 U.S. 683, 700 (1974); see also United States v. Arditti, 955 F.2d 331, 345 (5th Cir. 1992)(finding that a subpoena can be authorized only if the defendant can show that the evidence sought is relevant, admissible, and has been requested with sufficient specificity). The burden is on the party requesting the documents to show good cause for production before the trial or hearing. United States v. Iozia, 13 F.R.D. 335, 338 (S.D.N.Y. 1952).

Rule 17(c) does not provide that a defendant is entitled to proceed ex parte. Cf. Fed. R. Crim. P. 17(b)("Upon a defendant's ex parte application, the court must order that a subpoena be issued for a named witness if the defendant shows an inability to pay the witness's fees and the necessity of the witness's presence for an adequate defense."); see also United States v. Hart, 826 F. Supp. 380, 381 (D. Colo. 1993)("There can be no right to an ex

parte procurement of subpoenaed documents pretrial if the court has discretion to supervise their production by permitting both parties to inspect them prior to trial."); United States v. Urlacher, 135 F.R.D. 550, 555 (W.D.N.Y. 1991)("The scheme of Rule 17 supports the view that Congress intended to distinguish between pretrial subpoenas duces tecum and trial subpoenas ad testificandum at least insofar as ex parte procedures are concerned.").

The government contends that Hankton has failed to meet his burden under Nixon and that he is not entitled to proceed ex parte.[1] The Court agrees. Hankton fails to support his assertion that the requested documents are relevant, admissible, and identified with sufficient specificity. His request rests solely on speculation and is so overbroad that it may only be fairly characterized as a classic fishing expedition. Moreover, this Court has repeatedly and consistently held that the defendants in this case are not entitled to ex parte production of subpoenaed documents at this stage of the proceedings.[2]

---

[1] Although Hankton asserts that the government "likely lacks standing" to oppose his motion, the Court finds that the government has a legitimate interest in this matter. See United States v. Tomison, 969 F. Supp. 587 (E.D. Cal. 1997). But even without the government's opposition, the Court is obligated under Rule 17 to examine whether the request complies with the Nixon factors. See Bowman Dairy Co. v. United States, 341 U.S. 214, 221 (1951)("The burden is on the court to see that the subpoena is good in its entirety and it is not upon the [subpoenaed party] to cull the good from the bad.").

[2] The government also urges this Court to construe Hankton's motion as a motion to reconsider the Court's June 17, 2014 order

Accordingly, the Court DENIES Hankton's motion to be allowed to issue subpoenas ex parte and under seal.

New Orleans, Louisiana, July 9, 2014

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

denying as filed ex parte Hankton's prior application for the same subpoenas at issue here. This motion also fails on that ground as well.