UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                              CRIMINAL ACTION

V.                                                    NO. 12-1

TELLY HANKTON ET AL.                                  SECTION "F"

                            ORDER & REASONS

    Before the Court is Telly Hankton's motion to suppress witness identifications. For the following reasons, the motion is DENIED.

                              **Background**

    In its Order and Reasons dated February 26, 2016, the Court ordered Telly Hankton to submit supplemental briefing to clarify which evidence he seeks to suppress with regard to the identification procedures used in connection with the Jesse Reed Homicide. Hankton has complied with Court's order, and the government has responded. In the interests of brevity, the Court recounts only the facts relevant to the issue presented in this supplemental order: whether the identification procedures used in connection with the Jesse Reed homicide were impermissibly suggestive.

    Jesse Reed was murdered in a New Orleans neighborhood on June 20, 2009. Hasan Williams was with Jesse Reed on the stoop of a house when, allegedly, Telly Hankton and two other men pulled up and began shooting. Williams escaped; however, he was murdered two weeks later. Just hours after the shooting, New Orleans Police

                                    1

Detectives Kevin Burns and Melanie Dillon interviewed Williams. Williams identified Telly Hankton by name as the driver and one of the shooters; Williams stated that he had known Hankton "for years." The two detectives showed Williams a photo of Telly Hankton to confirm his identity. Williams confirmed and signed the photo. Four days later, Williams testified before an Orleans Parish grand jury and reaffirmed his statements to the detectives.

Hankton submits in his supplemental papers that Hasan Williams' statements to the detectives and to the grand jury should be inadmissible as evidence, because Williams is now deceased. Hankton relies on his Sixth Amendment right to confront and cross-examine any witness who testifies against him.

The government correctly responds that the admissibility of Williams' statements is not before the Court in this motion. Rather, as Hankton submitted in his initial motion to suppress, the issue before the Court is whether the identification procedures used in connection with the Jesse Reed homicide were impermissibly suggestive. Curiously, Hankton offers no reasons why the Court should find Hasan Williams' identification of Telly Hankton impermissibly suggestive.

"It is well established that the burdens of production and persuasion generally rest upon the movant in a suppression hearing." United States v. De La Fuente, 548 F.2d 528, 533 (5th Cir. 1977). Only in "some well-defined situations" does the burden

2

shift to the government. See id. None of those situations are present here.

Because Hankton has not carried his burden of production or persuasion, IT IS ORDERED that his motion to suppress is DENIED.[1]

IT IS FURTHER ORDERED that Telly Hankton will not be permitted to appear at the March 4, 2016 hearing. His motion to suppress is now fully resolved.

New Orleans, Louisiana, March 3, 2016

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

[1] Hankton may raise the admissibility of Hasan Williams' statements as evidence at the appropriate time.

3