# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

-------------------

## No. 16-30995

-------------------

UNITED STATES OF AMERICA,

       Plaintiff - Appellee

v.

TELLY HANKTON, also known as Third Hankton, also known as Wild
Hankton; WALTER PORTER, also known as Moonie Porter, also known as
Eurkel Porter; KEVIN JACKSON; ANDRE HANKTON,

       Defendants - Appellants

-------------------

Appeals from the United States District Court
for the Eastern District of Louisiana

-------------------

**A True Copy**
**Certified order issued Apr 08, 2019**

*Tyle W. Cayce*

**Clerk, U.S. Court of Appeals, Fifth Circuit**

O R D E R :

IT IS ORDERED that appellant Telly Hankton's unopposed motion to supplement the record on appeal with an internal use docket sheet reflecting all sealed filings in the district court pertaining to Telly Hankton is GRANTED.

IT IS FURTHER ORDERED that appellant Telly Hankton's unopposed motion to supplement the record on appeal with all sealed record documents enumerated in Exhibit A to his motion to supplement the record on appeal is GRANTED.

IT IS FURTHER ORDERED that viewing of the sealed supplemental record by appellant Telly Hankton is sua sponte GRANTED.

IT IS FURTHER ORDERED that appellant Telly Hankton's unopposed motion to allow counsel 60 days after the filing of the supplemental record to certify its completeness and report back to the court prior to briefing being resumed is GRANTED.

IT IS FURTHER ORDERED that appellant Walter Porter's unopposed motion to correct the record on appeal by replacing a blank compact disc with a disc containing the recorded phone conversations the government intended to introduce as Government Exhibit 19 at Mr. Porter's competency hearing is GRANTED.

/s/ James E. Graves, Jr.

_____

JAMES E. GRAVES, JR.
UNITED STATES CIRCUIT JUDGE

No. 16-30995

_____

IN THE
UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

UNITED STATES OF AMERICA,
Plaintiff-Appellee,
v.

TELLY HANKTON,
Defendant-Appellant.

_____

## TELLY HANKTON'S UNOPPOSED MOTION TO SUPPLEMENT THE RECORD AND TO SUSPEND BRIEFING

NOW COMES Appellant Telly Hankton, through undersigned counsel, and respectfully requests that this Court order the District Court to: 1) supplement Telly Hankton's sealed record on appeal with an internal use docket sheet reflecting all sealed filings in the district court pertaining to Telly Hankton; 2) supplement Telly Hankton's sealed record on appeal with all sealed record documents enumerated in this motion; 3) suspend briefing pending completion and review of the record on appeal. The government does not oppose this motion.

This motion is necessitated by the fact that, despite counsel's diligent efforts as set forth below, counsel for Mr. Hankton only recently received an internal

docket sheet[1] reflecting all sealed documents that should be a part of Telly Hankton's record on appeal. Based on a comparison of that internal use docket sheet with the sealed record on appeal Mr. Hankton has received from the district court, there are still well over 60 sealed documents missing in whole or in part from Mr. Hankton's record on appeal.

## Procedural History

Counsel for Mr. Hankton first requested "that she be allowed to view all portions of the sealed record to which Appellant had access in the District Court" more than one year ago, on December 1, 2017.[2] This Court granted Mr. Hankton's motion on the same day.[3]

Counsel's review of the sealed documents that had been made a part of Mr. Hankton's record on appeal made clear that scores of sealed documents were missing from the record on appeal. Since that time, Mr. Hankton has repeatedly moved this court to order the District Court to supplement the record on appeal

---

[1] The internal use docket sheet was provided to the undersigned by the case manager for the trial court, and not the clerk's office, which has still never complied with this court's orders as discussed in this motion, despite multiple attempts by the undersign to address these issues by phone, in-person conversation, and email exchanges with the clerk's office. Counsel for Mr. Hankton did not receive this docket sheet until March 22, 2019.

[2] R. Doc. 00514257475, *Appellant's Unopposed Motion to view Sealed Records, United States v. Hankton et al.*, No. 16-30995.

[3] R. Doc. 00514257602, *ORDER, United States v. Hankton et al.*, No. 16-30995 (5th Cir. Dec. 1, 2017) (motion granted).

with all sealed pleadings pertaining to Mr. Hankton's case.[4] Mr. Hankton has also repeatedly moved for the record on appeal to be supplemented with a docket sheet reflecting all sealed documents filed in Mr. Hankton's case and to which Mr. Hankton had access, whether those documents were filed by Mr. Hankton, the government, the trial court, or another party.[5]

This court has repeatedly granted Mr. Hankton's motions and ordered the District Court to supplement the record with all sealed documents pertaining to Mr. Hankton to which he had access at the District Court as well as a docket sheet reflecting all of these documents.[6]

However, in spite of these multiple orders, Mr. Hankton still does not have a complete sealed record on appeal. Similarly, for most of that time, the District Court clerk's office declined to produce a docket sheet reflecting all sealed filings pertaining to Mr. Hankton in his case and insisted that such a docket sheet could not be produced by the district court – despite the fact that counsel for Walter

---

[4] R. Doc. 00514433842, *Appellant's Unopposed Motion to Compel District Court to Comply With this Court's Order and to Supplement the Record on Appeal*, *United States v. Hankton et al.*, No. 16-30995 (5th Cir. Apr. 17, 2018); R. Doc. 00514601854, *Appellants' Renewed Unopposed Joint Motion to Compel District Court to Comply with This Court's Orders and to Suspend Briefing*, *United States v. Hankton et al.*, No. 16-30995.

[5] R. Doc. 00514433842, *Appellant's Unopposed Motion to Compel District Court to Comply With this Court's Order and to Supplement the Record on Appeal*, *United States v. Hankton et al.*, No. 16-30995 (5th Cir. Apr. 17, 2018); R. Doc. 00514601854, *Appellants' Renewed Unopposed Joint Motion to Compel District Court to Comply with This Court's Orders and to Suspend Briefing*, *United States v. Hankton et al.*, No. 16-30995.

[6] R. Doc. 00514441450, *ORDER, United States v. Hankton et al.*, No. 16-30995. 5th Cir. Apr. 23, 2018) (motion granted); R. Doc. 00514601890, *ORDER, United States v. Hankton et al.*, No. 16-30995. 5th Cir. Aug. 15, 2018) (motion granted).

Porter, Mr. Hankton's co-defendant in this case, has been in possession of "internal use docket sheets" reflecting all sealed documents filed in Mr. Porter's cases in the district court for months.

It was not until March 22, 2019 that counsel for Mr. Hankton finally received an internal docket sheet[7] reflecting all sealed documents she should have, thereby permitting her to compile the list of missing sealed documents enumerated in this Appendix to this Motion. Based on a comparison of that internal use docket sheet with the sealed record on appeal Mr. Hankton has received from the district court, there are well over 60 sealed documents missing in whole or in part from Mr. Hankton's record on appeal.

## The Missing Documents

Most of the documents reflected in the internal use docket sheet that are not presently part of Mr. Hankton's sealed record on appeal are entirely missing from the sealed record on appeal. In some instances, parts of the document are in the record on appeal while subparts are missing.

The list of record document numbers for the sealed documents that are missing from the record on appeal, in whole or in part, are attached as Exhibit A to this Motion. They are identified exclusively by record document number in order

---

[7] The internal use docket sheet was provided to the undersigned by the case manager for the trial court, and not the clerk's office, which has still never complied with this court's orders as discussed in this motion, despite multiple attempts by the undersign to address these issues by phone, in-person conversation, and email exchanges with the clerk's office.

to avoid disclosing any sealed information about their contents that is contained in the document description available on the internal use docket sheet.

**The Necessity of Suspending Briefing Until The Record is Complete**

Before counsel for Mr. Hankton can certify the record on appeal as complete, she must ensure that each of the documents listed in the Appendix is provided in full. If the history of this case is any guide, it is entirely possible – and may be likely – that the District Court clerk's office's first or even second attempt to fully supplement the record following this Motion may not achieve this goal.

Additionally, after representing Mr. Hankton for purposes of this appeal for more than two years, and spending most of that time on addressing omissions and errors in the record on appeal, the undersigned accepted a full-time staff attorney position with the Louisiana Center for Children's Rights in January of 2019. Because of her obligations in this new position, she is no longer able to handle Mr. Hankton's appeal. Instead, as she has informed both the government and the Federal Defender's Office for the Eastern District of Louisiana, she can continue to represent Mr. Hankton until she has concluded the extraordinarily lengthy and detailed process of completing the record on appeal, at which point she will have to move to withdraw from this case and a new attorney for Mr. Hankton will have to be appointed.

WHEREFORE, for all the foregoing reasons, Mr. Hankton respectfully requests that this Court:

1) suspend briefing;

2) order the District Court clerk to supplement the record on appeal with a sealed internal use docket sheet reflecting all sealed documents pertaining to Telly Hankton filed in the district court to which Mr. Hankton had access, whether filed by Mr. Hankton, the government, the trial court, or a third party;

3) order the District Court clerk to supplement the record on appeal with the sealed documents listed in Exhibit A, the Appendix to this Motion, and make this supplement available to counsel for Mr. Hankton;

4) grant counsel for Mr. Hankton 60 days to review the updated record on appeal for completeness and report back to the Court.

Respectfully submitted,

s/ *Emily Faye Ratner*
Emily Faye Ratner, La. Bar No. 35289
7214 St. Charles Ave., Box 913
New Orleans, LA 70118
(504) 864-7861
msemilyfaye@gmail.com

Counsel for Telly Hankton

**CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT,
TYPEFACE REQUIREMENTS, AND TYPE-STYLE REQUIREMENTS**

1.    This document complies with the word limit of <u>Fed. R. App. P. 27(b)(2)(A)</u> because, excluding the parts of the document exempted by <u>Fed. R. App. P. 32(f)</u>:

**X**    this document contains 1,352 words, **or**

☐    this brief uses a monospaced typeface and contains [*state the number of*] lines of text.

2.    This document complies with the typeface requirements of <u>Fed. R. App. P. 32(a)(5)</u> and the type-style requirements of <u>Fed. R. App. P. 32(a)(6)</u> because:

**X**    this document has been prepared in a proportionally spaced typeface using Microsoft Word for Mac 2011, Version 14.6.4 in size 14 point Times New Roman font, **or**

☐    this document has been prepared in a monospaced typeface using [*state name and version of word-processing program*] with [*state number of characters per inch and name of type style*].

*/s/ Emily Faye Ratner*

Emily Faye Ratner

Attorney for Telly Hankton
Dated: March 27, 2019

## CERTIFICATE OF SERVICE

I hereby certify that a that a true and correct copy of the foregoing document has been filed with the Clerk of the Court by using the CM/ECF System which will send a notice of electronic filing to all counsel of record on this 27th day of March, 2019.

s/ *Emily Faye Ratner*
Emily Faye Ratner

**Exhibit A: APPENDIX**
**Documents From Case No. 12-cr-001 Necessary to Supplement**
**Telly Hankton's Sealed Record on Appeal**

**R. Doc. 208;**

**R. Doc. 209;**

**R. Doc. 210;**

**R. Doc. 211;**

**R. Doc. 212;**

**R. Doc. 213;**

**R. Doc. 214;**

**R. Doc. 234;**

**R. Doc. 248;**

**R. Doc. 255;**

**R. Doc. 324;**

**R. Doc. 373;**

**R. Doc. 503;**

**R. Doc. 542;**

**R. Doc. 543;**

**R. Doc. 633;**

**R. Doc. 660;**

**R. Doc. 744;**

**R. Doc. 745;**

**R. Doc. 756;**

**R. Doc. 766;**

03995

04/08/2019

00

R. Doc. 791;

R. Doc. 873;

R. Doc. 874;

R. Doc. 876;

R. Doc. 940;

R. Doc. 941;

R. Doc. 942;

R. Doc. 946;

R. Doc. 947;

R. Doc. 948;

R. Doc. 949;

R. Doc. 951;

R. Doc. 952;

R. Doc. 953;

R. Doc. 954;

R. Doc. 955;

R. Doc. 956;

R. Doc. 957;

R. Doc. 958;

R. Doc. 959;

R. Doc. 960;

R. Doc. 961;

R. Doc. 1027;

2

**R. Doc. 1042;**

**R. Doc. 1045;**

**R. Doc. 1106;**

**R. Doc. 1107;**

**R.Doc. 1108;**

**R. Doc. 1109;**

**R. Doc. 1110;**

**R. Doc. 1111;**

**R. Doc. 1115;**

**R. Doc. 1116;**

**R. Doc. 1120;**

**R. Doc. 1134;**

**R. Doc. 1135;**

**R. Doc. 1136;**

**R. Doc. 1147;**

**R. Doc. 1148;**

**R. Doc. 1149;**

**R. Doc. 1150;**

**R. Doc. 1152;**

**R. Doc. 1175;**

**R. Doc. 1540;**

**R. Doc. 1600;**

**R. Doc. 1695;**

**R. Doc. 1696;**

**R. Doc. 1697;**

**R. Doc. 1698;**