**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **NO. 12-01** |
| **TELLY HANKTON** | **SECTION: "P" (5)** |

### ORDER AND REASONS

Before the Court is a Motion for Production filed by Defendant Telly Hankton, wherein Mr. Hankton asks this Court to order the United States Attorney's Office to produce its entire file to his counsel for review in preparing a potential motion to vacate pursuant to 28 U.S.C. § 2255.[1] The Government opposes Mr. Hankton's motion.[2] Mr. Hankton provided no procedural basis for his request, but the Government opposes it on the basis that the request does not satisfy the "good cause" standard under Rule 6(a) of the Rules Governing § 2255 Proceedings. After review of the parties' initial briefing, the Court ordered supplemental briefing regarding whether a motion for discovery is cognizable at this juncture, i.e., after the defendant has been tried and convicted but before he has instituted a § 2255 proceeding.[3] The parties timely filed their supplemental memoranda.[4] Upon review of the applicable law and the parties' memoranda, the Court finds that Mr. Hankton has no right to seek discovery at this stage, and thus, his motion for production must be **DENIED**.

### I.   RELEVANT BACKGROUND

In June 2014, Mr. Hankton and twelve co-defendants were charged in a 24-count superseding indictment with various crimes related to the violence and drug dealing committed by

---

[1] R. Doc. 2330.
[2] R. Doc. 2342.
[3] R. Doc. 2370.
[4] R. Docs. 2371, 2372.

the defendants as members of a criminal enterprise referred to as the "Hankton Organization."[5]

The Government alleged that Mr. Hankton was one of the enterprise's leaders and principal

suppliers and also that he was a distributor and gunman for the enterprise.[6]    In June 2016,

following a three-week trial, Mr. Hankton was convicted on nine of the eleven counts with which

he was charged.[7]   On appeal, the Fifth Circuit affirmed his convictions for conspiracy to violate

the Racketeer Influence and Corrupt Organizations Act ("RICO conspiracy"), conspiracy to

distribute controlled substances, and three counts of murder in aid of racketeering.[8]  The Supreme

Court denied Mr. Hankton's petition for writ of certiorari on February 21, 2023.[9]  Mr. Hankton is

serving four concurrent life sentences as to the RICO conspiracy and the three counts of murder

in aid of racketeering.[10]  He was also sentenced to a term of imprisonment of 240 months, to be

served consecutive to his life term, for the conspiracy to distribute controlled substances.[11]

In the instant motion, Mr. Hankton, through counsel, provides that "counsel was recently

retained for the research and preparation of a potential motion to vacate convictions pursuant to

28 U.S.C. § 2255."[12]   Mr. Hankton therefore requests that the Court order the United States

Attorney's Office "to produce its entire file for counsel to review" because it is the "only way to

protect" Mr. Hankton's "fundamental right to a full review of any exculpatory evidence, and a full

evaluation of whether his convictions were obtained in violation [of] his right to effective

---

[5] R. Doc. 670.

[6] *Id.*

[7] R. Doc. 1600-1.

[8] *United States v. Hankton*, 51 F.4th 578 (5th Cir. 2022).  The Fifth Circuit vacated his four convictions for violations of 18 U.S.C. §§ 924(j) and (o) and remanded for further proceedings consistent with its opinion. *Id.* at 614.  Because Mr. Hankton still faced a life sentence on the counts that were affirmed on appeal, the Government moved to dismiss without prejudice the four § 924 counts that were remanded by the Fifth Circuit.  R. Doc. 2180.   The Court granted the Government's motion and dismissed the counts. R. Doc. 2181.

[9] *See Hankton v. United States*, 143 S. Ct. 839, 215 L. Ed. 2d 82 (2023).

[10] R. Doc. 1848.

[11] *Id.*

[12] R. Doc. 2330 at 1.

representation and due process."[13]   More specifically, Mr. Hankton argues that the record shows

"multiple instances of either non-disclosure . . . or late disclosure of *Brady* material."[14]   Thus, he

asserts, "it is essential that counsel be permitted to review the entirety of the Government's file

and compare those records with trial counsel's file to assess whether *Brady* violations occurred."[15]

He additionally contends that trial counsel's file is insufficient and that production of the

Government's file is necessary because "the nature of post-conviction collateral review

proceedings presents an inherent conflict of interest with all prior counsel, given that an integral

part of collateral review is a review of prior counsel's performance."[16]

The Government opposes Mr. Hankton's motion.[17]   Relying on Rule 6(a) of the Rules

Governing § 2255 Proceedings, as well as this Court's prior written orders addressing many of the

same *Brady* arguments that form the basis of Mr. Hankton's request, the Government argues Mr.

Hankton's motion should be denied because the request for the Government's "entire file" is

overbroad and, to the extent portions of the motion could be construed as making more

particularized requests, those portions are still speculative and conclusory.[18]   The Government

further contends that there is no merit to Mr. Hankton's argument that his right to review and

challenge his trial counsel's performance necessitates the Government's production of its entire

file.[19]   According to the Government, "the reasonableness of counsel's performance is to be

evaluated from counsel's perspective at the time of the alleged error and in light of all the

circumstances."[20]   Thus, the Government avers, if Mr. Hankton plans to attack his previous

---

[13] *Id.* at 2.
[14] R. Doc. 2330-1 at 6.
[15] *Id.*
[16] *Id.* at 8.
[17] R. Doc. 2342.
[18] *Id.* at 7–11.
[19] *Id.* at 11.
[20] *Id.*

counsels' performance in his § 2255 motion, it is irrelevant whether information contained in the Government's file was unknown to his prior counsel.[21]

## II.     LAW AND ANALYSIS

Mr. Hankton has not provided this Court with any procedural basis upon which he is entitled to make a discovery request at this stage in his case.  The impetus behind Mr. Hankton's motion for production is the potential, future filing of a motion to challenge his sentence pursuant to 28 U.S.C. § 2255.  Indeed, 28 U.S.C. § 2255 permits "a prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States" to "move the court which imposed the sentence to vacate, set aside or correct the sentence."[22] And after the prisoner has instituted a § 2255 proceeding, Rule 6(a) of the Rules Governing § 2255 Proceedings provides the court with authority to authorize a party to conduct discovery if good cause is shown.[23]

Critical to Mr. Hankton's motion for production, though, he has not instituted a § 2255 proceeding. Thus, even if his request satisfied the Rule 6(a) "good cause" requirement, to which this Court makes no determination at this time, the Court has no authority to grant his request for discovery under Rule 6(a).[24]  Once a § 2255 motion has been filed, Mr. Hankton is free to seek

---

[21] *Id.*

[22] 28 U.S.C. § 2255.

[23] *See United States v. Fields*, 761 F.3d 443, 478 (5th Cir. 2014), *as revised* (Sept. 2, 2014) ("'A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course.' . . . Rather, Rule 6(a) of the Rules Governing § 2255 Cases permits discovery 'for good cause.' . . . A petitioner demonstrates 'good cause' under Rule 6(a) 'where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief.'").

[24] *See United States v. Benamon*, No. 16-CR-40, 2023 WL 3559310, at *2 (S.D. Miss. May 18, 2023) (quoting *Hudgens v. United States*, No. 18-CR-0573, 2020 WL 6683127, at *1 (N.D. Tex. Nov. 12, 2020)) ("[W]hen 'a defendant has already been tried and convicted and has no pending § 2255 Motion before the Court, there is no procedural basis for [a] Motion for Discovery[,] and it must be denied.'"); *United States v. Gossett*, No. 16-CR-131, 2019 WL 7811193, at *1–2 (N.D. Tex. Apr. 1, 2019) (denying the defendant's

discovery upon a showing of good cause. As it stands, however, there is no basis for the Court to

compel the Government to turn over any materials, much less its entire file.

## III.    CONCLUSION

For all the foregoing reasons, **IT IS ORDERED** that Defendant Telly Hankton's Motion

for Production (R. Doc. 2330) is **DENIED**.

New Orleans, Louisiana, this 1st day of February 2024.

_____
**DARREL JAMES PAPILLION**
**UNITED STATES DISTRICT JUDGE**

---

discovery request for non-court records because neither Rule 16 of the Federal Rules of Criminal Procedure nor Rule 6(a) of the Rules Governing § 2255 Proceedings were applicable, given that the defendant had already been tried and convicted and there was no pending § 2255 motion); *United States v. Prather*, No. 10-CR-218, 2016 WL 6893626, at *1–2 (N.D. Tex. Nov. 23, 2016) (same). *See also United States v. Cuya*, 964 F.3d 969, 972, 975 (11th Cir. 2020) (affirming the district court's denial of the defendant's discovery motion because "under controlling case law," which was Fifth Circuit case law, the defendant "was not entitled to seek discovery from the district court before he filed his § 2255 motion to vacate his conviction").